**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| IVAN KHYTAILENKO,<br>YULIIA KHYTAILENKO,<br>VITALINA KHYTAILENKO,<br><br>Plaintiffs,<br>v.<br><br>JOSEPH B. EDLOW, Director,<br>U.S. Citizenship and Immigration Services,<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security,<br><br>Defendants, | ) | Civil Action No. 26-12775<br><br>**PETITION FOR WRIT OF MANDAMUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

1. This is an action to compel Defendants to adjudicate Plaintiffs' applications for adjustment of status based on their selection in the Diversity Visa Lottery ("DV Lottery"). By statute, Plaintiffs must obtain their permanent resident status by September 30, 2026. Defendants instituted an unlawful hold policy that indefinitely suspends adjudication of DV Lottery applications. Absent this Court's intervention, Plaintiffs will lose the opportunity to obtain permanent resident status in the United States.

## II. PARTIES

2. Plaintiff IVAN KHYTAILENKO is a citizen of Ukraine, who was selected in the 2025-2026 DV Lottery. His application for permanent residence, based on his DV Lottery selection, is pending with the U.S. Citizenship and Immigration Services ("USCIS").

3. His wife, Plaintiff YULIIA KHYTAILENKO, and their daughter, Plaintiff Vitalina Khytailenko, are also citizens of Ukraine, who have filed derivative permanent residence applications based on Mr. Khytailenko's DV Lottery selection.

4. Defendant JOSEPH B. EDLOW is the Director of USCIS. He is responsible for the administration of immigration and naturalization adjudication functions and establishing immigration services policies and priorities. This suit is brought against Director Edlow in his official capacity.

5. Defendant MARKWAYNE MULLIN is the Secretary of the United States Department of Homeland Security ("DHS"). As DHS Secretary, Defendant Mullin oversees the operations and directs the policies of USCIS.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over the present action, pursuant to 28 U.S.C. § 1361 (mandamus relief); 28 U.S.C. § 1331 (Federal Question Jurisdiction); and 5 U.S.C. § 551, *et seq.* (Administrative Procedure Act). Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 5 U.S.C. § 555(b) provides that each agency shall proceed to conclude a matter presented to it "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time." 5 U.S.C. § 702 entitles "[a] person suffering legal wrong because of agency action…to judicial review thereof." This Court has authority to "compel agency action unlawfully withheld or unreasonably delayed" under 5 U.S.C. 706(1).

7. 8 U.S.C. § 1252 does not deprive this Court of jurisdiction. 8 U.S.C. § 1252(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action…the authority for which is specified…to be in the discretion of the Attorney General or the Secretary of Homeland Security." Because adjudication of a properly filed adjustment application is neither a judgment regarding relief from removal nor an action committed to agency discretion by statute, this Court retains jurisdiction over Plaintiffs' claims.

8. Through this complaint, Plaintiffs are not challenging a decision on an application, as no decision has yet been made on their adjustment of status applications. Rather, Plaintiffs seek an order compelling Defendants to perform their duty and adjudicate the applications.

9. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where Plaintiffs reside. Plaintiffs currently reside in Swampscott, Massachusetts.

## IV. STATEMENT OF FACTS AND PROCEDURAL HISTORY

10. The Diversity Visa Lottery is a congressionally mandated program that allocates approximately 50,000 immigrant visas each year to individuals from countries with historically low rates of immigration to the United States. *See* 8 U.S.C. §§ 1151(e), 1153(c)(1).

11. Every year, the Department of State conducts a lottery selection process to select approximately 50,000 lottery winners. A DV Lottery selectee is then eligible to apply for an immigrant visa, but only during the fiscal year for which the entry was submitted. *See* 8 U.S.C. § 1154(a)(1)(I)(ii)(II).

12. Plaintiffs are citizens of Ukraine. They were paroled into the United States under the Uniting for Ukraine (U4U) Program on September 14, 2022. *See* Implementation of the Uniting for Ukraine Parole Process, 87 Fed. Reg. 25040 (Apr. 27, 2022).

13. Plaintiff IVAN KHYTAILENKO was selected in the 2026 Diversity Visa Lottery Program.

14. On May 13, 2026, once immigrant visa numbers became available to Plaintiffs, they submitted Forms I-485, Applications to Register Permanent Residence or Adjust Status with USCIS, and paid the required filing fees. *See* **Exhibit 1**.

15. On June 18, 2026, Plaintiffs appeared for their scheduled biometrics appointments, to allow USCIS to conduct the required background investigations for their adjustment of status applications. *See* **Exhibit 2**.

16. Since June 18, 2026, USCIS has not taken any action on Plaintiffs' I-485 Applications.

17. On December 18, 2025, then DHS Secretary Kristi Noem announced via social media that she was "immediately directing USCIS to pause the DV1 program." *See* https://x.com/EnvoyNoem/status/2001873077089767435 (last accessed on June 12, 2026). No Federal Register notice was published. No proposed rule was issued. No public comment period was provided.

18. On December 19, 2025, USCIS issued Policy Memorandum PM-602-0193, which "[p]lace[d] a hold on all pending adjustment of status, ancillary benefits, and associated waiver applications, for aliens who are applying to adjust to lawful permanent resident status under the Diversity Immigrant Visa (DV) Program." Policy Memorandum, Hold and Review of Pending USCIS Adjustment of Status Applications Filed by Aliens Under the Diversity Immigrant Visa Program, at p. 1 (Dec. 19, 2025), *available at* U.S. Citizenship & Immigration Servs., https://www.uscis.gov/sites/default/files/document/memos/PM-602-0193-DiversityVisaHolds-20251219.pdf ("PM-0193") (last accessed on June 12, 2026). The "hold" on all DV lottery-related cases was framed as allowing USCIS "to conduct a comprehensive review of all policies, procedures, and screening and vetting processes[]" for applicants for adjustment of status and related benefits under the DV Lottery. *Id.*

19. The memorandum itself, however, indicates that the suspension was motivated, at least in part, by longstanding policy objections to the DV Lottery program as such. *See id*. at 2 ("President Trump has consistently expressed his strong concerns that the DV Program does not serve the interests of the United States…President Trump has repeatedly urged Congress to end the program because of his concerns...").

20. President Trump has repeatedly expressed opposition to the Diversity Visa Lottery Program. Less than one year after taking office the first time, President Trump stated: "I'm going to ask Congress to immediately initiate work to get rid of this program. The program 'sounds nice.' It's not nice. It's not good."[1]

---

[1] *See* Tessa Berenson, *President Trump Calls for Ending Diversity Visa Lottery Program*

21. PM-0193 applies categorically to all pending DV-based adjustment applications, regardless of the individual applicant's nationality, criminal history, security profile, or status in adjudication. It makes no individualized finding of risk for any applicant.

22. PM-0193 provides that the hold "will remain in effect until lifted by the USCIS Director or the Secretary of Homeland Security." PM-0193, at pp. 2-3.

23. As of the date of this Complaint, Defendants have not adjudicated Plaintiffs' permanent residence applications.

24. Plaintiffs cannot continue waiting indefinitely because diversity visas are available only through the end of the fiscal year for which they were allocated. If Plaintiffs' applications are not adjudicated by September 30, 2026, their eligibility to obtain permanent residence under the DV program will expire by operation of law. *See* 8 U.S.C. § 1154(a)(1)(I)(ii)(II).

25. Plaintiffs' claim is not that USCIS has taken too long under ordinary processing timelines. Rather, Defendants have adopted a policy that categorically suspends adjudication of all DV-related applications, creating a substantial risk that Plaintiffs' applications will not be adjudicated before the statutory deadline expires.

26. The resulting harm is irreparable because no later adjudication can restore a diversity visa number once the fiscal year expires.

27. Barring an order from this Court, Plaintiffs, who fled the ongoing war in Ukraine, will lose their opportunity to obtain permanent resident status in the United States.

28. Plaintiffs are already present in the United States, pursuant to humanitarian parole. They have already been repeatedly vetted by Defendants and seek only the adjudication of their properly filed adjustment of status applications.

---

(Nov. 1, 2017), *available at* Time, https://time.com/5005647/diversity-visa-lottery-donald-trump/ (last accessed on June 12, 2026).

## V. CAUSES OF ACTION

### COUNT 1

### Petition for Mandamus, Pursuant to 28 U.S.C. § 1361

29. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

30. Pursuant to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

31. To prevail on a claim for mandamus, Plaintiffs must show that 1) they have a clear right to relief; 2) there is no other adequate remedy to obtain the relief they seek; and 3) the defendants have a clear duty to act. *Town of Wellesley, et al. v. Federal Energy Regulatory Commission, et al*., 829 F.2d 275, 277 (1st Cir. 1987). Plaintiffs meet all three required criteria in this case.

32. First, Plaintiffs have provided all required information and documentation and have paid the necessary filing fee associated with their Adjustment of Status applications. They have a clear right to have the applications adjudicated by USCIS.

33. Second, there is no other adequate remedy to obtain the relief Plaintiffs are seeking. Because USCIS is not adjudicating their I-485 applications, Plaintiffs risk losing the opportunity to obtain permanent resident status in the United States.

34. Courts have long recognized that the government's failure to adjudicate diversity visa applications causes irreparable harm, because the statutory deadline renders any delay permanent. *See, e.g., Paunescu v. INS*, 76 F. Supp. 2d 896, 900 (N.D. Ill. 1999) ("defendants owe plaintiffs a non-discretionary duty to complete the processing of their applications"); *Przhebelskaya v. USCIS*, 338 F. Supp. 2d 399, 402 (E.D.N.Y. 2004) ("defendants are ordered to adjust the status of [Plaintiffs] to that of lawful permanent residents without further delay").

35. Third, Defendants have a clear duty to act on Plaintiffs' properly filed adjustment of status applications. *See* 8 C.F.R. § 245.2(a)(5) ("The applicant shall be notified of the decision, and if the application is denied, of the reasons for the denial.")

36. Adjudication of a properly filed application is a purely ministerial, non-discretionary act that Defendants are obligated to perform within a reasonable time. As Plaintiffs have no alternative means to obtain adjudication of their I-485 Applications, their right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35 (1980).

37. Neither the INA nor any regulation grants USCIS authority to suspend the processing of adjustment applications categorically pending an open-ended review, without individualized findings.

**COUNT 2**

**Violation of Administrative Procedure Act, 5 U.S.C. § 555(b)**

38. Plaintiffs incorporate the foregoing allegations, as if fully set forth herein.

39. The Administrative Procedure Act requires Defendants to conclude the processing of Plaintiffs' I-485 Applications "with due regard for the convenience and necessity of the parties… and within a reasonable time." 5 U.S.C. § 555(b).

40. In light of the impending September 30, 2026 statutory deadline and Defendants' categorical suspension policy, the continuing failure to adjudicate Plaintiffs' applications is unreasonable.

41. Defendants have failed to proceed "with due regard for the convenience and necessity" of Plaintiffs, as required by 5 U.S.C. § 555(b). Because Defendants' failure to act continues to harm Plaintiffs, judicial intervention is necessary to compel adjudication of the pending applications.

**COUNT 3**

**Violation of Administrative Procedure Act, 5 U.S.C. § 706(1)**

42. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

43. Pursuant to 5 U.S.C. § 706(1), this Court "shall compel agency action unlawfully withheld or unreasonably delayed."

44. Defendants are unlawfully withholding agency action by categorically suspending adjudication of DV-2026 adjustment applications, thereby threatening the loss of congressionally allocated visa numbers.

45. Left undisturbed, Defendants' policy will end Plaintiffs' opportunity to obtain permanent resident status in the United States.

46. This Court should find that Defendants are unlawfully withholding or unreasonably delaying agency action and order Defendants to adjudicate their diversity visa applications before the end of fiscal year 2026.

**COUNT 4**

**Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(A)**

47. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

48. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

49. Under 5 U.S.C. § 706(2)(A), a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

50. Defendants' DV-2026 indefinite hold policy is arbitrary and capricious because: (a) it suspends adjudication of all diversity visas categorically, without individualized risk findings; (b) it provides no rational nexus between the DV program as a whole and the alleged security concern that purportedly motivated the pause; (c) it provides no timeline, no benchmarks, and no criteria for lifting the hold; and (d) it operates as a functional denial of DV-2026 selectees' statutory opportunity to obtain immigrant visas by running the clock on the September 30, 2026 deadline.

51. Defendants' hold policy is not in accordance with law because Defendants have a mandatory, ministerial, nondiscretionary duty to adjudicate adjustment of status applications. No statutory or regulatory provision authorizes USCIS to suspend the DV program categorically.

52. Defendants' policy is also contrary to the INA's command that diversity visas be made available only through the end of the fiscal year for which they were allocated. See 8 U.S.C. § 1154(a)(1)(I)(ii)(II).

53. This Court should set aside Defendants' hold policy as applied to Plaintiffs, and order Defendants to adjudicate Plaintiffs' I-485 applications by September 30, 2026. *See Horne v. Edlow*, No. CV-26-01917-PHX-KML, __ F. Supp. 3d __, 2026 U.S. Dist. LEXIS 95134, at *4, *6 (D. Ariz. April 30, 2026) (finding the Diversity Visa suspension policy arbitrary and capricious and enjoining Defendants from applying it to Plaintiff).

**COUNT 5**

**Violation of Administrative Procedure Act, 5 U.S.C. § 706(2)(D)**

54. Plaintiffs incorporate the foregoing allegations as if fully set forth herein.

55. The APA instructs courts to set aside agency action found to be "without observance by procedure required by law." 5 U.S.C. § 706(2)(D).

56. The APA requires that an agency provide public notice of, and opportunity to comment on, legislative rules before their promulgation. 5 U.S.C. § 553(b)-(c). *See Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015).

57. Rules must be published in the Federal Register through notice and comment rulemaking unless (1) they are "interpretative rules" or (2) the agency finds "good cause" against publishing notice, and incorporates that finding into the rule. *See* 5 U.S.C. § 553(b)(4)(A-B).

58. The indefinite suspension of processing for all DV lottery-related applications is a legislative, not interpretative rule. It effectively amends the existing legislative rules governing immigrant visa issuance for DV Lottery winners. Because the policy supplants the existing statutory and

regulatory framework governing diversity visas and imposes substantive restrictions not found in the INA or implementing regulations, it constitutes a legislative rule.

59. Defendants have made no "good cause" finding to exempt the policy suspending all diversity visa issuances from the notice and comment requirement, and no such finding was incorporated into its Policy Memorandum announcing the DV Lottery hold policy.

60. The announced rule references President Trump's personal views on the DV Lottery, but cites no statutory or regulatory authority permitting USCIS to suspend the program categorically.

61. Accordingly, Defendants failed to provide notice and an opportunity for comment as required by the APA, and have thus violated 5 U.S.C. §§ 553(b)-(c) and § 706(2)(D).

## VI. PRAYER FOR RELIEF

WHEREFORE, in view of the arguments and authority noted herein, Plaintiffs respectfully request that this Court grant the following relief:

1. Assume jurisdiction over this matter;
2. Declare unlawful and set aside Defendants' December 19, 2025 Policy Memorandum PM-602-0193, and enjoin Defendants from applying it to Plaintiffs;
3. Compel Defendants to adjudicate Plaintiffs' I-485 applications by September 30, 2026;
4. Retain jurisdiction until the adjudication process is completed, to prevent further delays and ensure compliance with this Court's orders;
5. Award Plaintiffs their costs and attorney's fees under the Equal Access to Justice Act; and
6. Grant such other relief at law and in equity as justice may require.

Dated: June 18, 2026

/s/ *Gregory Romanovsky*
GREGORY ROMANOVSKY
Romanovsky Law Offices
12 Marshall Street
Boston, MA 02108
617.787.0000
gr@romanovskylaw.com

Attorney for Plaintiffs